MEMORANDUM **
Plaintiff, NC-DSH, Inc., dba Desert Springs Hospital Medical Center (“the Employer”), entered into a Collective Bargaining Agreement (“CBA”) with Defendant, Service Employees International Union, Local 1107 (“the Union”). The parties agreed to arbitrate all disputes, or “grievances,” arising from the CBA. The Union filed two separate grievances against the Employer on behalf of two employees who had been disciplined; the Union argued that the Employer lacked “just cause” for the discipline. A different arbitrator resolved each grievance, both in favor of the Union. The district court vacated both arbitrators’ awards, and the Union appeals.
The district court erred in vacating the arbitrators’ awards. A court has “no business weighing the merits of the grievance.” United Paperworkers Int’l Union v. Misco, Inc., 484 U.S. 29, 37, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) (internal quotation marks omitted). To successfully challenge an arbitrator’s decision, one “must clear a high hurdle. It is not enough ... to show that the [arbitrators] committed an error — or even a serious error.” Stolt-Nielsen S.A. v. AnimalFeeds Int’l Corp., — U.S. -, 130 S.Ct. 1758, 1767, 176 L.Ed.2d 605 (2010). It must be manifest that the arbitrator imposed his or her personal view of sound public policy or dispensed a personal brand of industrial justice, untethered to the CBA. Id. at 1767-68. Nevertheless, an award will stand *616 even “if it is based on the arbitrator’s understanding of industry practices. An arbitrator is ‘not confined to the express terms of the contract’ but may also consider the ‘industrial common law’ which ‘is equally a part of the collective bargaining agreement although not expressed in it.’ ” SFIC Props., Inc. v. Int’l Ass’n of Machinists & Aerospace Workers, Dist. Lodge 94, Local Lodge 311, 108 F.3d 923, 925 (9th Cir.1996) (quoting Federated Dep’t Stores v. United Food & Commercial Workers Union, Local 1442, 901 F.2d 1494, 1497 (9th Cir.1990)).
Here, the underlying disciplinary grievances were classic examples of arbitrable disputes. Even if the arbitrators were wrong in their reading or application of the CBA, they did read and apply the CBA to the facts in front of them, expressly reciting the relevant CBA provisions and attempting to harmonize them. We see no reason to depart from the standard rule of deference, as nothing in either arbitrator’s decision suggests impropriety.
Because we reverse, we need not reach any other issue.
The judgment of the district court is REVERSED and the case is REMANDED with instructions to affirm both arbitration awards and to enter judgment in favor of the Union.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.